**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALSH CONSTRUCTION COMPANY II, LLC, | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-06842 |
| v. | ) | Hon. Judge Thomas M. Durkin |
| LEXINGTON INSURANCE COMPANY, | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |

## INITIAL JOINT STATUS REPORT

The parties, Walsh Construction Company II, LLC ("Walsh") and Lexington Insurance Company ("Lexington"), pursuant to the Court's December 6, 2022 order (ECF 5), hereby submit the following Initial Joint Status Report:

### I. Nature of the Case

#### a. Attorneys of Record

1. Plaintiff Walsh:
   i. David B. Goodman (lead trial attorney)
   ii. Carrie E. Davenport
   iii. Kalli K. Nies
2. Defendant Lexington:
   i. James B. Glennon (lead trial attorney)
   ii. George M. Ferreti

#### b. Basis for Federal Jurisdiction

Federal jurisdiction in this case is based on diversity of citizenship among the parties. Walsh is a citizen of Illinois as each of its members is a citizen of the State of

Illinois. Lexington is citizen of Delaware and Massachusetts as it is a Delaware corporation with its principal place of business in Massachusetts. The parties agree that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**c. Nature of Claims Asserted**

**Walsh's Claims**

This is an insurance coverage action arising out of Lexington's denial of insurance claims asserted by Walsh in connection with the construction of the McCook Reservoir Tunnel Project in Hodgkins, Cook County, Illinois (the "McCook Project"). In December 2018 and again in February 2019, the McCook Project experienced substantial flooding which caused physical damage to the McCook Project. The flooding required Walsh to suspend its work and to repair the damage caused by the extensive flooding. Walsh submitted its claims to Lexington seeking payment of losses covered by the builder's risk policy issued by Lexington. Lexington denied portions of Walsh's claim. Walsh's complaint, filed on December 6, 2022, seeks recovery for claims that Lexington denied arising from two separate two flood events. In Counts I through IV of its complaint, Walsh seeks to recover the damages resulting from Lexington's breaches of the insurance contract including statutory interest. In Count V, Walsh seeks relief against Lexington for violation of Section 155 of the Illinois Insurance Code.

**Lexington's Position**

Walsh had a contract with the Metropolitan Water Reclamation District ("MWRD") to perform a "live connection" between the exiting Des Plaines tunnel and quarry. Walsh submitted a claim to Lexington, and Lexington adjusted and paid Walsh's insurance claim for property damage arising from a December 2018 water intrusion

incident (the "McCook 2 Claim"). Walsh also submitted a claim for acceleration costs allegedly incurred due to the December 2018 water intrusion event, which Lexington ultimately denied.

In May of 2019, Walsh submitted another claim for alleged flood damage and represented to Lexington that the flood occurred on May 13, 2019 (the "McCook 3 Claim"). Lexington paid Walsh for some of the property damage claimed as part of the McCook 3 Claim. However, Lexington denied Walsh's claims for delay in completion, extra expense, and expediting expenses because the claimed delays were not caused by the February 2019 water intrusion event but were instead caused by significant delays in the procurement of material needed to build a steel gate system. Lexington denied Walsh's claim for acceleration costs arising from the December 2018 water intrusion event for the same reason.

## II. Pending Motions and Case Plan

### a. Pending Motions

1. There are no pending motions.

### b. Anticipated discovery

Walsh anticipates taking discovery concerning the underwriting of the Lexington policy and the investigation and handling of the claim from the date it was received through the denial of the claim as well as concerning Lexington's defenses to coverage.

Lexington anticipates taking discovery concerning the construction schedule and the impact to the schedule caused by the delays in procurement of materials for the steel gate system.

### c. Discovery Deadlines

The parties propose the following deadlines:

1. Deadline for Rule 26(a)(1) disclosures: March 7, 2023;
2. Initial written discovery to be issued by: March 31, 2023;
3. Liability discovery completion: September21, 2023; and
4. Deadline to amend pleadings: October 23, 2023.

**d. E-Discovery**

1. Discovery will likely encompass electronically stored information. To ensure the e-discovery proceeds appropriately the parties will discuss the manner in which e-discovery is to be served and information necessary for upload into applicable e-discovery programs.

2. The parties do not anticipate any electronic discovery disputes.

**e. Trial**

1. Both parties requested a jury trial.
2. The parties anticipate a jury trial lasting two weeks.

**III. Consent to Proceed**

a. The parties do not unanimously consent to proceed before a Magistrate Judge for all matters in this case.

**IV. Status of Settlement Discussions**

a. The parties had settlement communications preceding the litigation, but those discussions failed to resolve all of the coverage issues which led to the filing of the complaint.

b. The parties do not request a settlement conference before the assigned Magistrate Judge at this time.

Dated: February 10, 2023

Walsh Construction Company II, LLC

By: /s/ David B. Goodman

David B. Goodman
Carrie E. Davenport
Kalli K. Nies
Daniel T. Lindquist
Goodman Law Group | Chicago
20 North Clark Street – Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888
dg@glgchicago.com
cd@glgchicago.com
kn@glgchicago.com

Respectfully submitted,

Lexington Insurance Company.

By: /s/ James B. Glennon

James B. Glennon
George M. Ferreti
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle St., Ste. 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
jglennon@fgppr.com
gferreti@fgppr.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ David B. Goodman