**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALSH CONSTRUCTION COMPANY II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-06842 |
| v. | ) | |
| | ) | Hon. Judge Thomas M. Durkin |
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |

**MOTION TO EXCLUDE DECLARATION AND REPORTS OF RACHEL DOMINGO**

Walsh Construction Company II, LLC ("Walsh"), through its counsel, moves for entry of an order excluding the declaration and reports of Lexington Insurance Company's ("Lexington") proposed construction scheduling and delays expert, Rachel Domingo. Pursuant to Federal Rules of Evidence 402 and 702, Walsh states as follows:

## INTRODUCTION

Lexington offers the declaration and reports of Rachel Domingo ("Domingo") as an exhibit to its statement of material facts. ECF#34-1, at pp. 677-684. Lexington offers Domingo's testimony as a Rule 702 witness in opposition to Walsh Expediting Expense and Extra Expense claims. But she concedes that her opinions are untethered to those terms as used in the insurance contract. Instead, Domingo offers opinions concerning "acceleration" as used in construction admitting that her opinions do not tie in any way to "Extra Expense" or Expediting Expense." **Exhibit 1**, p. 51:17-22. Domingo acknowledges that she does not understand how Expediting Expense and Extra Expense are or determined used in the insurance contract: not within her "scope." Ex. 1, pp. 23:23-24:1. Since Domingo's opinions do not tie in any way to the issues

presented by Walsh's claims in this litigation, her declaration and the facts and opinions that Lexington improperly seeks to interject through it are inadmissible on summary judgment.

## BACKGROUND

Through this lawsuit, Walsh seeks to recover the "Expediting Expense" and "Expediting Expense" it incurred in connection with two occurrences. Lexington relies on facts and opinions offered through Domingo's declaration in arguing for summary judgment on these "time element"[1] claims. Domingo's declaration offers opinions concerning "acceleration" as that term is used in the construction context. Ex. 1, p. 120:5-15.

Domingo summarizes her approach saying: "I was just here to tell you if I saw evidence of actual acceleration, which I didn't." Ex. 1, p. 69:17-19. She admits that she does not know how or even whether "acceleration" as she analyzed it connects to "Extra Expense" or "Expediting Expense" as used in the insurance contract that governs the disputes between Walsh and Lexington. Ex. 1, 29:8-30:10; 50:15-19; 50:20-51:14. She has not analyzed the facts in a way that relates to the terms of the Policy. Ex. 1, p. 51:11-22.

## ARGUMENT

### 1. Domingo's "delay analysis" and "acceleration" opinions are unconnected to the "Extra Expense" and "Expediting Expense" issues for which her testimony is offered.

In evaluating evidence in the context of a motion for summary judgment, the Court must determine whether the evidence offered would be "that would be admissible at trial," *Gustovich v. AT & T Commc'ns, Inc.*, 972 F.2d 845, 849 (7th Cir. 1992). Performing its gatekeeper role under Rule 702 and *Daubert*, among the things that the Court must assess is "whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017) (*citing* *Myers v. Ill. Cent. R. Co.*, 629 F.3d

[1] Domingo's testimony addresses what she refers to as "time element" claims. *See* Ex. 1, p. 66:5-69:19.

639, 644 (7th Cir. 2010)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). Therefore, in evaluating the admissibility of Domingo's testimony, the Court must determine whether her opinions are relevant to an issue in the case. The witness' testimony must fit the issue about which the expert is testifying. *Porter v. Whitehall Lab'ys, Inc*., 9 F.3d 607, 616 (7th Cir. 1993).

But the opinions expressed in Domingo's declaration and reports are not tied to the language of the Policy in any way. *See* Ex.1, pp. 21:6-11; 50:5-51:22. Her opinions are not tied to the definition of Expediting Expense, as used in the Policy. *Id*. at pp. 22:14-22; 25:10-15; 50:5-51:22. Likewise, her opinions are not tied to the definition of Extra Expense, as used in the Policy. *Id*. at pp. 21:16-21; 22:4-9; 50:5-51:22. Her opinions have no nexus to the insurance contract at issue in this lawsuit. *Id*. at pp. 57:22-58:10. Her focus was not on the insurance contract but, instead, she was on the contract between Walsh and the Metropolitan Water Reclamation District. *Id*. 56:3-12. Consequently, Domingo's testimony that she was not qualified to testify about whether the damages claimed in the litigation tied in any fashion to the Expediting Expense or Extra Expense as used in the Policy, and the absence of the nexus between those terms and her opinions (*Id*. at pp. 58:1-10; 111:13-113:2; 114:8-20) dooms her declaration.

Domingo proffers opinions about "Delay in Completion." But Walsh has not asserted a claim for Delay in Completion. An additional problem with Domingo's "delay in completion" analysis is that it is not connected to the coverage afforded under Extra Expense. "Extra Expense" is defined as "the excess costs over and above the total costs that would normally have been incurred *to continue the scheduled progress of the undamaged work in the absence of insured loss or damage*." (emphasis added) ECF# 1-1, at pp. 12. It includes "reasonable and necessary labor,

supervision, management and administration costs, equipment rental, temporary us of property and demobilization and remobilization of equipment and facilities, all when reasonably necessary to reduce time delays in the *construction schedule*." (emphasis added) *Id*.

Domingo's delay analysis is not tied to the "scheduled progress of the undamaged work in the absence of insured loss or damage" or "construction schedule." Rather, she opines "that there was no evidence that the flood events caused any project delay that would result in the need for acceleration, given that the project was already substantially delayed by the late fabrication and delivery of the gate system." ECF#34-1, at pp. 680-84, ¶¶17, 40-45, and at pp. 711. Her delay analysis is tied to the "completion date." ("I and the DeSimone Team concluded that Walsh's time element claims for acceleration and other costs allegedly caused by the flood events were not supported because the flood events did not impact the project *completion date*") (emphasis added). ECF#34-1, at pp. 678, ¶11. Thus, even if Domingo's prediction that the gate system would have been delivered late but for the February Flood, by tying her analysis to the project's overall *completion date*, rather than *construction schedule*, her analysis that is divorced from the terms of the coverage.

Expert testimony that does not fit the facts of the case should be excluded. *See Owens v. Auxilium Pharmaceuticals, Inc.*, 895 F.3d 971, 973 (7th Cir. 2018); *In re Brand Name Prescription Drugs Antitrust Litig.*, 186 F.3d 781, 786 (7th Cir. 1999)("what was objectionable about his evidence actually had nothing to do with *Daubert*; it was that the evidence mainly concerned a matter not in issue"). Pursuant to Rules 402 and 702 Domingo's opinions should be excluded from consideration on Lexington's motion for summary judgment pursuant to Rules 402 and 702 because her opinions have no nexus to the narrow issues before the Court on the motion.

**2. Domingo's declaration and reports are otherwise inadmissible.**

"[A] court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). Lexington cites directly to paragraphs 17 through 45 the declaration of Rachel Domingo in support of its memorandum of law. [ECF#35, at pp. 14-16]. However, for the various reasons stated below, many of statements set forth in the declaration or attached as reports are otherwise inadmissible on summary judgment.

**a. Domingo's declaration improperly offers facts without record cites.**

Local Rule 56.1 requires parties moving for summary judgment to submit a statement of material facts comprised of short, numbered paragraphs with specific references to admissible evidence. L.R. 56.1(a)(3). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to parts of materials in the record, which may include declarations. Fed. R. of Civ. Pro 56(c)(1)(a). Local Rule 56.1 statements function to "assist the court by organizing the evidence, identifying the undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999) (addressing the predecessors to Rule 56.1).

Domingo asserts that she relied upon "documents provided by Walsh during the claim adjustment and additional documents produced in this litigation, including contract documents, project schedules, certified payroll records, daily reports, and project correspondence and deposition transcripts," (ECF#34-1, at pp. 678, ¶¶ 13). But the complete failure to identify with any specificity the facts on which she relies in her declaration makes it impossible to determine if the declaration is based upon admissible facts presented in Lexington's statement of material facts.

Further, Domingo's declaration asserts that in his deposition "…Mark Fournier explained that Walsh's "acceleration" claims were an estimate of overtime costs Walsh anticipated to incur

once Walsh was able to gain access to the Tunnel in order to make up for lost time." ECF#34-1, at pp. 678, ¶ 19. But *at her deposition*, Domingo testified that although she was given Fournier transcript, she did not read his transcript. Ex. 1, pp. 34:10-17; 124:6-18. Thus, her declaration and testimony cannot be reconciled. "As a general rule ... this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Dunn v. Menard, Inc.*, 880 F.3d 899, 910 (7th Cir. 2018); *citing* *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996); *citing* *Russell v. Acme–Evans Co.*, 51 F.3d 64, 67–68 (7th Cir. 1995).

Domingo testified that although she was given four deposition transcripts, she read only one, and skimmed two of the other three transcripts. *Id*. at 30:22-31:15. Her failure to read the transcript is particularly troubling since her opinions rest in part on the assumption that but for the February Flood, Walsh's work would have been idled due to her prediction that the wheel gates would not have been delivered on time. But Fournier testified that the vendor would have delivered the wheel gates on time had he not told it to delay the delivery because of the flood. **Exhibit 2**, Fournier Dep., pp. 161:1-162-6. Fournier testified that he told the fabricator that the gates would not be needed until 2021. *Id,* at 160:19-24; 161:1-162-6. He testified that the issue was not whether the fabricator could complete the gates on time (according to the schedule as modified prior to the February Flood) but that Walsh would not be able to accept them on site until the following year because of the delays caused by the February Flood. *Id* at 161:1-16.

**c. Domingo's Rule 26(a)(2) expert report is as well as the other reports offered with her declaration are inadmissible hearsay.**

The purpose of a Rule 26(a)(2) expert report is to facilitate an effective cross-examination, minimize the expense of deposing experts, the shortening of direct examination, and the prevention of ambush at trial. *See* *Malachinski v. C.I.R.*, 268 F.3d 497, 505 (7th Cir.2001), *Ortiz–Lopez v.*

*Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) (and cases cited). However, "expert reports may not be received in evidence without violating the hearsay rule or Rule 403." *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 329 (N.D. Ill. 2008) (collecting cases). Here, Lexington has attached a copy of the DeSimone report as Exhibit 28.2, and two other reports that she created in connection with the adjustment of Walsh's claims. *See* ECF#34-1, at pp.719 - 889, Exhibits 28.3 and 28.4 to the Domingo declaration. The reports are offered by Lexington although there is no citation to the information contained in the reports in Lexington's brief. To the extent they are being submitted in support of the motion for summary judgment, they should be excluded as inadmissible hearsay.

**CONCLUSION**

WHEREFORE, Walsh Construction Company II, LLC respectfully requests that this Court enter an order excluding the Domingo declaration and report in support of Lexington Insurance Company's motion for summary judgment, and for any other relief this Court deems just and appropriate.

Dated: March 29, 2024

Respectfully Submitted,

WALSH CONSTRUCTION COMPANY II, LLC

By: /s/ David B. Goodman
One of its attorneys

David B. Goodman – dg@glgchicago.com
ARDC No. 6201242
Kalli K. Nies – kn@glgchicago.com
ARDC No. 6318089
Nathan P. Karlsgodt – nk@glgchicago.com
ARDC No. 6298908
Christopher S. Hoffmann – ch@glgchicago.com
ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602

Tel: (312) 626-1888
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, David B. Goodman, an attorney, hereby certify that on March 29, 2024, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ David Goodman